The opinion of the Court was delivered by
Tilghman C. J.
Not perceiving any error in this record but in one point, my observations will be confined to that point only. Issue was joined on the plea of plene administravit, which was found against the defendant. It was the *396 opinion of the Court of Common Pleas, that judgment should be entered, for the -whole amount of damages, and costs, de bonis testatoris si, &c. et si non de bonis propriis, of the defondant. The reason assigned for this judgment is, that the jury, besides finding against the defendant on the issue joined, found also, that he had wasted the goods which had come to his hands. ‘ No issue was joined on the wasting of the goods of the testator, by the defendant, and therefore, whatever the jury found on that subject, was unauthorised. It was surplusage, and not to be regarded. In considering, therefore, what the judgment ought to have been, we must throw the wasting of the goods out of the question. It is simply a verdict for the plaintiff, then, upon the plea of plene adminisiravit. What judgment does the law authorise in such case ? I find it positively laid down in the year book 11. .H. 4. p. 5. that the judgment for all but the costs, is to be of the goods of the testator. This case is cited in 11 Vin. 386. The same principle was recognised, in Mary Shipley’s case, 8 Co. 134, and may be traced without contradiction, in various decisions and opinions of Judges from that time to the present. It is true, that supposing the proper judgment to have been entered, and a fieri facias issued, it would have been the duty of the sheriff, unless goods of the testator had been shewn by the defendant, to return a devastavit, -which the defendant would have been estopped from denying, because the verdict was conclusive, that assets were in his hands at the commencement of the suit. It is to be regretted therefore, that we have it not in our power to enter the proper judgment. But the law is settled. Where the writ of error is brought by the plaintiff, we may enter such judgment here, as ought to have been entered below; but where the defendant brings the writ of error, we can only reverse the judgment. It sometimes happens, indeed, that a judgment may be reversed in part, and affirmed in part; as where the judgment is good for the debt, but bad for the costs; such were the cases of Cummins v. Sibley, 4 Burr. 2489, and Frederick v. Lookup, 4 Burr. 2018. And here, the plaintiff in error wished us to strike out all that part of th^e judgment, which mentioned the defendant’s proper goods, and retain only the first words, de bonis testatoris, but that would be amending the judgment, and not affirming a separate pak of it. To stop at the words de bonis testatoris, and cut off *397 í!he rest of the sentence, would be to alter the judgment essentially; for it was not intended by the Court who rendered it, to limit any part of it to the goods of the testator. .The condition, that if no goods of the testator could be found, the proper goods of the defendant were to be levied on, pervades the whole.
I am therefore of opinion that the judgment should be reversed.
Judgment reversed.